IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES | CRIMINAL ACTION |
| v. | |
| BRIAN JONES | NO. 16-470 |

## O R D E R

**AND NOW**, this 22nd day of March, 2017, upon consideration of Defendant's Motion to Dismiss Count Three of Indictment Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) (Document No. 26, filed March 20, 2017), and the Government's Response in Opposition to Defendant's Motion to Dismiss Count Three of Indictment (Document No. 27, filed March 21, 2017), **IT IS ORDERED** that Defendant's Motion to Dismiss Count Three of Indictment Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) is **DENIED**.

The decision of the Court is based on the following:

1. On November 10, 2016, a grand jury returned an Indictment charging defendant Brian Jones with one count of robbery which interferes with interstate commerce ("Hobbs Act robbery"), in violation of 18 U.S.C. § 1951(a) (Count One); one count of armed carjacking and aiding and abetting armed carjacking, in violation of 18 US.C. § 2119 (Count Two); and one count of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three).

2. Presently before the Court is Defendant's Motion to Dismiss Count Three of the Indictment Under Federal Rule of Criminal Procedure 12(b)(3)(B)(v) for failure to state an offense. Defendant argues that Count Three fails to state an offense because neither Hobbs Act robbery nor carjacking can be considered a "crime of violence," a required element under 18 U.S.C. § 924(c)(1)(A).

3. 18 U.S.C. § 924(c)(1)(A) prohibits carrying, brandishing, or discharging a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(3) defines a "crime of violence" as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

4. 18 U.S.C. § 1951(b)(1) defines "robbery" for the purposes of Hobbs Act robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ."

5. 18 U.S.C. § 2119 provides, in relevant part, that "[w]hoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so," is guilty of carjacking.

6. Defendant argues that Hobbs Act robbery cannot constitute a "crime of violence" under § 924(c). Specifically, defendant argues that the minimum culpable conduct required for conviction under § 1951(a) does not require "the use, attempted use, or threatened use of physical force" as required by § 924(c)(3)(A) (the "elements clause"), and that § 924(c)(3)(B) (the "residual clause") is unconstitutionally vague under *United States v. Johnson*, 135 S. Ct. 2551 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague).

Defendant acknowledges that "the motion may be denied on the authority of [*United States v.*] *Robinson*." 844 F.3d 137 (3d Cir. 2016). In *Robinson*, the defendant argued that Hobbs

Act robbery could not constitute the predicate crime of violence required for § 924(c) because the minimum conduct that would violate the prohibition of § 1651(a)—"actual or threatened force, or violence, or fear of injury" to person or property—does not qualify as a crime of violence as defined by § 924(c)(3)(A)—"the use, attempted use, or threatened use of physical force against the person or property of another." *Id.* at 143-44. The Third Circuit rejected this argument and concluded that, because the defendant was contemporaneously convicted of Hobbs Act robbery and brandishing a firearm while committing Hobbs Act robbery, "the combined convictions . . . make clear that the 'actual or threatened force, or violence, or fear of injury' in [the defendant's] Hobbs Act robbery sprang from the barrel of gun," and that the defendant's Hobbs Act robbery was thus a crime of violence under § 924(c). *Id.* at 144. The *Robinson* Court held that, where the offenses of Hobbs Act robbery and brandishing a gun under § 924(c)(1)(A) "have been tried together and the jury has reached a verdict on both offenses, the Hobbs Act robbery qualifies as a crime of violence under the 'elements clause' of 18 U.S.C. § 924(c)(3)(A)." *Id*. at 139.

7.   The Court concludes that Count Three of the Indictment states an offense because, under *Robinson*, the Hobbs Act robbery charged in this case may constitute a crime of violence under § 924(c)(3)(A).[1] The Indictment charges that defendant committed a Hobbs Act robbery and brandished or discharged a firearm during the robbery. If a jury finds, or defendant admits in a plea,[2] that defendant committed a Hobbs Act robbery and brandished or discharged a firearm while committing the robbery, the "actual or threatened force, or violence, or fear of

---

[1] The Court denies defendant's request to defer ruling on the Motion to Dismiss pending further review of *Robinson* and *United States v. Galati*, 844 F.3d 152 (3d Cir. 2016) (applying *Robinson*).

[2] "The only facts that may support the conclusion that a particular crime is a 'crime of violence' are those that have either been found by the jury or admitted by the defendant in a plea." *Robinson*, 844 F.3d at 143.

injury" in defendant's Hobbs Act robbery would satisfy "the use, attempted use, or threatened use of physical force against the person or property of another" definition of a crime of violence under § 924(c)(3)(A). Thus, as in *Robinson*, a conviction for the Hobbs Act robbery, coupled with a contemporaneous conviction for the charged weapons offense for brandishing or discharging a firearm, would constitute a crime of violence under § 924(c).[3]

8. Because a Hobbs Act robbery that involves the brandishing or discharge of a firearm constitutes a crime of violence under 18 U.S.C. § 924(c)(3)(A), the Court does not address defendant's argument that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. *See Robinson*, 844 F.3d at 141 (declining to address residual clause argument because element clause of § 924(c) satisfied).

**BY THE COURT:**

**/s/ Hon. Jan E. DuBois**

**DuBOIS, JAN E., J.**

---

[3] Defendant was charged with one count of brandishing or discharging a firearm during and in relation to a crime of violence. Because that count can survive with a conviction for Hobbs Act robbery, the Court does not reach the question of whether carjacking constitutes a "crime of violence" under *Robinson*.