# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF PENNSYLVNANIA

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- | --- |
| v. | ) | |
| | ) | Case Number: DPAE2:16CR000470-001 |
| BRYAN JONES | ) | USM Number: 75633-066 |
| | ) | Felicia Sarner, Esquire |
| | ) | Defendant's Attorney |

**IE DEFENDANT:**

☒ pleaded guilty to count(s)  1, 2, and 3 of the Indictment.

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

e defendant is adjudicated guilty of these offenses:

| tle & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| U.S.C .§1951(a) and 18 U.S.C. § 2 | Robbery which interfered with interstate commerce and aiding and abetting. | 06/06/2016 | 1 |
| U.S.C. § 2119 and 18 U.S.C. § 2 | Armed carjacking and aiding and abetting. | 06/06/2016 | 2 |
| U.S.C. § 924(c)(1) and 18 U.S.C. § 2 | Using and carrying a firearm during and in relation to a crime of violence and aiding and abetting. | 06/06/2016 | 3 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to : Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, : defendant must notify the court and United States attorney of material changes in economic circumstances.

August 3, 2018
Date of Imposition of Judgment

Signature of Judge

Jan E. DuBois, U.S.D.J.
Name and Title of Judge

August 3, 2018
Date



DEFENDANT: BRYAN JONES
CASE NUMBER: DPAE2: 16CR000470-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

Seventy (70) months on Counts One and Two of the Indictment, such terms to be served concurrently, and to a consecutive term of imprisonment of eighty-one (81) months on Count Three of the Indictment, for a total term of imprisonment of one hundred fifty-one (151) months on Counts One, Two and Three of the Indictment.

- [X] The court makes the following recommendations to the Bureau of Prisons:
  That defendant be designated to an institution in close proximity to Philadelphia, Pennsylvania, where his family resides, and at which he can receive appropriate treatment for his mental health disorders as detailed in the report of Dr. Carol Armstrong, a copy of which shall be attached to the Second Addendum to the Presentence Report dated August 2, 2018, in which the Armstrong report is summarized.

- [X] The defendant is remanded to the custody of the United States Marshal.

- [ ] The defendant shall surrender to the United States Marshal for this district:
    - [ ] at _____ [ ] a.m. [ ] p.m. on _____.
    - [ ] as notified by the United States Marshal.

- [ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    - [ ] before 2 p.m. on _____.
    - [ ] as notified by the United States Marshal.
    - [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: BRYAN JONES
CASE NUMBER: DPAE2: 16CR000470-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of:

Three (3) years on Counts One of the Indictment, and terms of five (5) years on Counts Two and Three of the Indictment, such five (5) year terms to be served concurrently with each other and with the three (3) year term imposed on Count One of the Indictment, for a total term of supervised release of five (5) years on Counts One, Two and Three of the Indictment.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (check if applicable)

4. X You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. X You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: BRYAN JONES
CASE NUMBER: DPAE2: 16CR000470-001

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

### U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____   Date _____

DEFENDANT: BRYAN JONES
CASE NUMBER: DPAE2: 16CR000470-001

## ADDITIONAL SUPERVISED RELEASE TERMS

Defendant shall participate in a mental health program for evaluation and/or treatment including, but not limited to, the furnishing of urine specimens, and shall comply with all of the rules of such program until satisfactorily discharged;

Defendant shall participate in a substance abuse program for evaluation and/or treatment including, but not limited to, the furnishing of urine specimens, and shall comply with all of the rules of such program until satisfactorily discharged;

Defendant shall participate in a program or programs of vocational training at the direction of the United States Probation Office, aimed at obtaining a GED, learning a vocation, and improving defendant's literacy, education level and employment skills to develop or improve skills needed to obtain and maintain gainful employment, until such time as defendant is released from the program or programs by the United States Probation Office;

Beginning thirty (30) days after defendant is released from custody, defendant shall pay the restitution the Court will impose by separate order pursuant to 18 U.S.C. § 3664(d)(5) that remains unpaid at the commencement of his supervised release at the rate of not less than $25.00 per month while defendant is employed;

Defendant shall not incur new credit charges or open additional lines of credit without the prior approval of the United States Probation Office until his restitution is paid-in-full;

Defendant shall provide the United States Probation Office with access to any requested financial documents or other financial information;

Defendant shall notify the United States Probation Office of any assets received after imposition of this Order, and shall not disperse his interest in any assets including, but not limited to, income tax refunds, inheritance, insurance and lawsuit settlements, or gambling winnings, without the prior approval of the United States Probation Office; and,

Defendant shall not encumber or liquidate his interest in any assets unless the proceeds are to be used in payment of defendant's restitution obligation.

DEFENDANT: BRYAN JONES
CASE NUMBER: DPAE2: 16CR000470-001

Judgment — Page 6 of 7

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| TOTALS | $ 300.00 | $ 0.00 | $ 0.00 | $ To be determined - deferred pursuant to 18 U.S.C. § 3664(d)(5). |

X  The determination of restitution is deferred  pursuant to 18 U.S.C. § 3664(d)(5).

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ | |
|---|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for    ☐ fine   ☐ restitution.

☐ the interest requirement for    ☐ fine   ☐ restitution is modified as follows:

\*  Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRYAN JONES  
CASE NUMBER: DPAE2: 16CR000470-001

Judgment — Page 7 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F X Special instructions regarding the payment of criminal monetary penalties:

The Court finds that defendant has insufficient assets, income and income earning potential to warrant imposition of a fine in addition to the restitution order the Court anticipates issuing pursuant to 18 U.S.C. § 3664(d)(5). Accordingly, a fine is waived in this case. Defendant shall pay a special assessment of $300.00 to the United States of America which shall be due immediately. The Court recommends that, while in custody, defendant pay his special assessment pursuant to the Bureau of Prisons Inmate Financial Responsibility Program provided, however, that defendant shall pay the special assessment in quarterly installments of not less than $25.00 out his prison earnings, unless his prison earnings are less than $25.00 a quarter, in which event, the quarterly installment shall be the amount of his prison earnings.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.